UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF OVIK MKRTCHYAN,<br><br>Petitioner. | Case No.: 2:25-mc-00060-TL<br><br>*EX PARTE* APPLICATION AND MEMORANDUM OF LAW FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 |

Pursuant to 28 U.S.C. § 1782 and LCR 7(d)(1), Petitioner Ovik Mkrtchyan ("Mkrtchyan") respectfully submits this *ex parte* Application and Memorandum of Law for an order authorizing him to serve a subpoena substantially in the form of Exhibit A (the "Subpoena") for the production of documents by T-Mobile USA, Inc. ("T-Mobile") for use in the pending and contemplated proceedings in the English courts. This Application meets the requirements of Section 1782 because (1) Mkrtchyan, as claimant in the English proceedings, is an "interested person," (2) he seeks production of documents, (3) the documents are for use in pending or contemplated foreign judicial proceedings, and (4) T-Mobile is found in this judicial district. In addition, the discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) favor the requested discovery. The Application is supported by the attached declarations of Mkrtchyan, his English counsel, and his U.S. counsel. Mkrtchyan respectfully asks that the Court grant the Application and authorize him to serve the Subpoena.

## I. BACKGROUND AND SUMMARY

Mkrtchyan, the founder of Gor Investment Limited, resides in Europe. This Application arises from an ongoing campaign by individuals and entities around the world to injure him by unlawful means, first by engineering his illegal detention for three months in Uzbekistan, and then by disseminating false and disparaging information about him (the "Campaign"). Some participants in the Campaign are known—for example, Mkrtchyan recently brought civil libel claims in England against the owners of two websites that published paid defamatory content about him—while others have not yet been identified, or the full scope of their activities is not yet known.

One of Mkrtchyan's former business associates, Stephen Payne (a U.S. lobbyist residing in Texas), appears to have joined the Campaign no later than mid-2024. After years of amicable business relations with Mkrtchyan, Payne abruptly changed course and joined with Mkrtchyan's adversaries, sending an unsolicited letter to the President of Uzbekistan that falsely accused Mkrtchyan of crimes and other serious misconduct. The allegations in Payne's disparaging letter closely track false claims about Mkrtchyan that appeared at the same time in purported articles, blog posts, and other paid content distributed by the Campaign around the world, including the publications at issue in the English proceedings.

The Application seeks T-Mobile records relating to Payne and one of his employees showing their connection to other Campaign participants. The requested discovery is relevant to the pending and contemplated claims in England. In April 2025, Mkrtchyan's English counsel initiated civil libel proceedings against the owners of *The London Post* (which, despite its name, is part of Moscow Media Group and publishes paid content) and Radha Stirling (a PR consultant). These lawsuits are pending in the King's Bench Division of the High Court, and ask the court to decide that the published content is part of a broader disinformation Campaign against Mkrtchyan, about which Mkrtchyan now seeks discovery in this Section 1782 Application. Tait Decl. ¶¶ 4,

20; Pet's Decl. ¶¶ 40-41. Mkrtchyan also intends to bring additional claims in England related to the activities of the Campaign, including an anticipated claim for a tortious conspiracy to injure him. Tait Decl. ¶¶ 3, 14; Pet's Decl. ¶ 38. These claims will be filed imminently. Pet's Decl. ¶ 42. In support of those pending and anticipated claims, the requested discovery would gather records held by T-Mobile that show the existence of calls and text messages between Payne or one of his employees, and other participants in the Campaign.[1] The Subpoena does not seek the content of those communications.

## II. ARGUMENT

### A. Limited Scope of Requested Discovery

To support his pending and contemplated claims in the English court, Mkrtchyan seeks discovery from T-Mobile to demonstrate that Payne and his employee are part of the Campaign designed to harm Mkrtchyan. T-Mobile is a multinational telecommunications company, incorporated under the laws of Delaware with a principal place of business in Bellevue, Washington. On information and belief, Payne and his employee have each used a mobile phone number associated with T-Mobile. Pet's Decl. ¶ 14. The discovery sought consists of T-Mobile's records of phone calls and text messages during the relevant time period (beginning September 2023) for the two T-Mobile phone numbers, which can show that they communicated with other participants of the Campaign. This discovery bears directly on Mkrtchyan's pending and contemplated claims in the English proceedings. The Subpoena is limited to the log of calls and messages, does not seek depositions, and does not seek the content of any calls or messages.

---

[1] Mkrtchyan filed a Section 1782 application in another federal court for an order allowing him to seek discovery from Payne and his companies about their participation in the Campaign. The application was granted on June 18, 2025. *See* Hartman Decl. ¶ 3, Ex. 1, Order, No. 4:25-mc-01122, *In re Mkrtchyan*, in the U.S. District Court for the Southern District of Texas. The discovery is ongoing.

### B. Mkrtchyan's *Ex Parte* Application Should Be Granted

#### 1. Mkrtchyan's Application Satisfies Section 1782's Statutory Requirements

Under Section 1782, courts have "broad discretion to grant or deny a § 1782 application and to determine what discovery, if any, should be permitted." *In re PJSC Uralkali*, No. C18-1673JLR, 2019 WL 291673, at *3 (W.D. Wash. Jan. 23, 2019). Applications are often granted *ex parte* and a subpoena recipient is free to make any objections under Rule 45 after service. *See In re Gliner*, 133 F.4th 927, 930 n.1 (9th Cir. 2025) ("Applications pursuant to Section 1782 are customarily made *ex parte*.").

Section 1782 contains four statutory prerequisites:

> *First*, the request must be made 'by a foreign or international tribunal,' or by 'any interested party.' *Second*, the application must request 'testimony or statement' or request the production of a 'document or other thing.' *Third*, the evidence must be 'for use in a proceeding in a foreign or international tribunal.' And *fourth*, the person subject to the request must reside in the district of the district court where the application is pending. If the four requirements are met, the court has discretion to grant the application.

*Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013) (emphasis added) (citing Section 1782).

The Application meets all four requirements. **First,** as the claimant in the English civil proceedings, Mkrtchyan is "[n]o doubt . . . the most common example of the 'interested person[s]' who may invoke § 1782." *See Intel*, 542 U.S. at 256. **Second**, Mkrtchyan requests production of documents. Ex. A, Proposed Subpoena. **Third**, the evidence is for use in the pending and contemplated proceedings in the English courts. Tait Decl. ¶ 20 (confirming that the discovery sought here is "for use in" the pending and contemplated English proceedings); *see also In re Broadcom Corp.*, No. C19-00966-RAJ, 2019 WL 4978849, at *2 (W.D. Wash. Oct. 8, 2019) ("Courts should be permissive in interpreting the relevance standard.") (quotation omitted). **Fourth**, T-Mobile has its principal place of business in Bellevue, and thus resides or can be found

in this District.  Hartman Decl. ¶ 4, Ex. 2; *see also In re Lufthansa Technick AG*, No. C17-1453-JCC, 2019 WL 331839, at *1 (W.D. Wash. Jan. 25, 2019).

## 2. The *Intel* Discretionary Factors Favor Authorizing the Requested Discovery

Once the court determines that the statutory requirements are satisfied, it then considers four discretionary factors.  *See Intel*, 542 U.S. at 264-65.  No single discretionary factor is dispositive, and a court may grant a Section 1782 application even if some factors weigh against it.  *In re Sailed Tech. (Beijing) Co.*, No. 2:22-CV-01396-JHC, 2023 WL 3568151, at *9 (W.D. Wash. May 18, 2023) (granting the application where three factors favored applicant).  Here, all four discretionary factors favor granting Mkrtchyan's Application.

The ***first*** *Intel* factor—whether the respondent is a participant in the foreign proceeding—favors granting discovery.  When respondent is participating in the foreign proceeding, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 264.  Here, T-Mobile is not party to the English proceedings.  Tait Decl. ¶ 21.  Thus, the first *Intel* factor favors discovery.

"The ***second*** [*Intel*] factor concerns the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Nichiei Intec Co.*, No. 2:23-MC-00066-JHC, 2023 WL 7001666, at *3 (W.D. Wash. Oct. 24, 2023) (emphasis added).  In applying the second *Intel* factor, courts "tend to err on the side of permitting discovery" unless there exists "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* (quotation omitted).  Here, no such "authoritative proof" exists.  To the contrary, U.S. courts often find English courts to be receptive to the 1782 discovery.  *See In re PJSC Uralkali*, 2019 WL 291673, at *5 (presuming that the English court would be receptive to evidence obtained through Section 1782).  Moreover,

Mkrtchyan's English counsel also confirms that that courts in England are generally receptive to evidence gathered as part of the Section 1782 process and have not, to his knowledge, issued any directive against such evidence. Tait Decl. ¶ 24.

The ***third*** *Intel* factor asks whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. *See Nichiei Intec Co.*, 2023 WL 7001666, at *4. Mkrtchyan's Application does not attempt to evade English law or public policy. Tait Decl. ¶ 25 As noted above, English courts are receptive to discovery obtained through Section 1782 applications. Additionally, Mkrtchyan's subpoenas do not seek information protected by England's equivalent to the attorney-client privilege. *Id.*

The fourth *Intel* factor concerns whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. As discussed above, the requested discovery in the Subpoena is narrowly tailored and seeks specific records pertaining to two individuals (Payne and his employee) for a limited period of time (September 2023, forward). *See* Tait Decl. ¶ 15 (confirming the discovery sought is relevant); *see also In re PJSC Uralkali*, 2019 WL 291673, at *7 ("The delimited timeframe and subject matter distinguish [petitioner]'s application from the sort of open-ended petitions that courts have rejected as overbroad."). Moreover, the Subpoena will require little effort for T-Mobile to comply. T-Mobile stores these records in an electronic format easily searchable by phone number.[2]

---

[2] This Court has granted applications for telephone records, including from T-Mobile, for the use in foreign proceedings in the past. *See, e.g.*, *In re Credito*, No. C22-1549-JLR, 2022 WL 16744212, at *1-2 (W.D. Wash. Nov. 6, 2022) (granting Section 1782 application seeking telephone records from T-Mobile); *In re Cedar Shake & Shingle Antitrust Litig.*, No. 2:19-CV-00288-MJP, 2019 WL 6715068, at *1 (W.D. Wash. Dec. 10, 2019) (issuing letters rogatory for telephone records kept by TELUS Communications Inc.).

### III.  CONCLUSION

Because the Application satisfies the Section 1782 statutory requirements and the *Intel* factors favor granting discovery, the Court should grant the Application and authorize the requested discovery.

DATED this 8th day of September, 2025.

*I certify that this memorandum contains 1,943 words, in compliance with the Local Civil Rules.*

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Ashley Gammell*
    Ashley Gammell (WSBA No. 50123)
    1420 5th Avenue, Suite 1400
    Seattle, WA. 98101
    Telephone: (206) 288-0118
    Email: Ashley.Gammell@arnoldporter.com

*Attorney for Petitioner*